UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 25-cv-40189

| | |
|---|---|
| JOHN DOE, GEORGE DOE, AND WILLIAM DOE, <br><br> Plaintiffs, <br><br> v. <br><br> CROZIER HOUSE, TIMOTHY J. McMAHON, CAROL LAFALAM, MEGHAN McLEOD, CHARLES SEXTON DIRANIAN, MICHAEL RUBLE, RALPH L/N/U, <br><br> Defendants | |

**PLAINTIFFS' *EX PARTE* MOTION TO USE PSEUDONYMS AND TO IMPOUND THEIR IDENTITIES AND ANY INFORMATION THAT MAY REASONABLY BE USED TO IDENTIFY THEM**

The Plaintiffs, John Doe ("John"), George Doe ("George"), William Doe ("William"), (collectively, "Plaintiffs"), move, pursuant to Local Rule 7.2, for this Court to issue an order granting leave to proceed using pseudonyms. A proposed order is attached hereto as **Exhibit 1.** As grounds for this Motion, the Plaintiffs state as follows:

1. Crozier House is a sober home for men in recovery located in Worcester, Massachusetts.

2. The male Plaintiffs were residents of Crozier House at various times, beginning 2023 and ending in April 2024, where they received mental health treatment and substance abuse counseling.

3. The male Plaintiffs were sexually abused, molested, and harassed by the former Director of Crozier House, Charles Sexton Diranian ("Sexton"), who is also male.

4. The Plaintiffs bring this action to recover damages caused by the Defendants' wrongful acts and omissions in connection with Sexton's sexual abuse, molestation, and harassment.

5. The Plaintiffs suffered personal injuries (including psychological injuries, pain and suffering, emotional distress, impaired earning capacity, medical expenses, and other damages) as a result of the Defendants' improper conduct.

6. Although there is a "strong presumption against the use of pseudonyms in civil litigation" *see Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022), and their use is generally only warranted in 'exceptional cases,' *see Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022), the First Circuit has identified four paradigmatic situations in which proceeding under a pseudonym is appropriate, including when (1) there is a risk of "unusually severe harm"; (2) identifying the plaintiffs would harm "non-parties"; (3) it is "necessary to forestall a chilling effect on future litigants who may be similarly situated"; or (4) the lawsuit is "bound up with a prior proceeding made confidential by law." *Doe v. Trs. of Bos. Univ.*, 2024 WL 4700161, at *3–4 (D. Mass. Nov. 6, 2024) *citing Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022) at 71.

7. "The party seeking pseudonymity bears the burden of rebutting the strong presumption against it." *see Doe v. MIT.*, 46 F.4th at 73.

8. The Court has noted that, "these paradigms are rough cuts," and a strong or weak showing under any one of them, or any combination of them, is not necessarily dispositive. *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022).

9. While "[i]n most cases, the inquiry should focus upon the extent to which the facts align with one or more of [these] paradigms," they do not "capture the entire universe of cases in which pseudonymity may be appropriate." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th at 72.

10. Thus, the court must balance "the interests asserted by the movant in favor of privacy against the public interest in transparency" in light of the totality of the circumstances. *Doe v. Trs. of Bos. Univ.*, 2024 WL 4700161, at *3–4 (D. Mass. Nov. 6, 2024).

11. With respect to paradigm three, the Court has said this: "Classic examples of [the third] paradigm include 'cases involving 'intimate issues such as sexual activities, reproductive rights, bodily autonomy, [and] medical concerns,'" *id.* (quoting *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020))...." *Orr v. Trump*, 2025 WL 848691, at *2 (D. Mass. Mar. 18, 2025).

12. Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness, *see Doe v. Colautti,* 592 F.2d 704 (3d Cir.1979) and homosexuality, *see Doe v. Commonwealth's Attorney for Richmond,* 403 F.Supp. 1199 (E.D.Va.1975), *aff'd,* 425 U.S. 901, 96 S.Ct. 1489 (1976).

13. According to *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992), in those cases, the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings.

14. This is the type of exceptional case involving matters of a highly sensitive and personal nature that warrant the Plaintiffs to pursue their claims under pseudonym.

15. The Plaintiffs in this case were receiving drug and mental health treatment in an inpatient facility when they were sexually abused by man in a position of power in the facility.

16. There are grave privacy interests at stake in this case. The Plaintiffs are all extremely vulnerable adults grappling with recovery, two of whom were transitioning from an incarceratory setting to Crozier House at the time of the abuse. The use of a pseudonym should be permitted because of the risk of social stigmatization, and the potential for psychological injury. *See also Doe v. Bell Atlantic Syst. Serv., Inc.,* 162 F.R. D. 418, 420 (D.Mass. 1995) (observing how, in some cases, "the injury litigated against would occur as a result of the disclosure of plaintiff's identity").

17. In addition, as explained in the Complaint, the Plaintiffs are merely three of whom the Plaintiffs believe are at least a dozen potential victims.

18. Forcing the Plaintiffs to publicly reveal their status as former inmates struggling with serious substance abuse issues who were sexually abused by a male Director of a substance abuse recovery center, will certainly have a chilling effect on future litigants who are similarly situated.

19. Finally, the Plaintiffs seek only the least restrictive means to protect their identities.

20. If the Court does not act immediately, the logistics of impoundment become much more difficult. The Defendants will not know that they should avoid identifying the Plaintiffs by name or disclose information that may be used to identify the Plaintiffs, which could cause irreparable harm to the Plaintiffs.

21. As a result, there is a compelling interest in continuing to protect the Plaintiffs' privacy, and in preventing the disclosure of their identities, which would not only stigmatize them as victims of abuse, but such disclosure would be catastrophic to their attempts to begin to heal from the emotional trauma they have suffered as a result of the Defendants' actions.

22. Further, immediate and irreparable harm would result if the Court waits to hear the Defendants in opposition. The public has an interest in this case, where a federally funded sober home's Director was sexually abusing its residents. If the Court waits to impound the documents, then at any future hearing, the Plaintiffs' identities could be disclosed before the Court makes an impoundment ruling.

23. No prejudice to the Defendants will arise from proceeding pseudonymously.

24. The Plaintiffs are willing to reveal their true identities to the Defendants in this action.

25. The Plaintiffs attach proposed findings and a proposed order as **Exhibit 1.**

WHEREFORE, the Plaintiffs respectfully request that this Court enter an order permitting them to proceed under a pseudonym in the above-captioned action.

                    Respectfully submitted,
                    The Plaintiffs,
                    John Doe, George Doe, and William Doe,
                    By their attorneys,

                    */s/ Erica L. Brody*
                    Erica L. Brody, BBO# 681572
                    Leonard H. Kesten, BBO# 542042
                    Michael V. Glennon, BBO# 678977
                    BRODY, HARDOON, PERKINS & KESTEN, LLP
                    265 Franklin Street, 12th Floor
                    Boston, MA 02110
                    (617) 880-7100
                    ebrody@bhpklaw.com
                    lkesten@bhpklaw.com
                    mglennon@bhpklaw.com

DATED: November 18, 2025

## CERTIFICATE OF SERVICE

      I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

                    */s/ Erica L. Brody*
                    Erica L. Brody

DATED: November 18, 2025