**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN DOE, GEORGE DOE, and WILLIAM DOE, <br><br> Plaintiffs, <br><br> v. <br><br> CATHOLIC CHARITIES OF THE DIOCESE OF WORCESTER, INC. d/b/a CROZIER HOUSE, TIMOTHY J. McMAHON, CAROL LAFALAM, MEGHAN McLEOD, CHARLES SEXTON DIRANIAN, MICHAEL RUBLE, RALPH L/N/U, <br><br> Defendants. | Civil Action No. <br> 4:25-40189-DHH |

**ORDER**

**April 6, 2026**

**Hennessy, M.J.**

This case is before the Court on Plaintiffs' Motion to Amend the Complaint, [Dkt. No. 24], and Certain Defendants'[1] Motion to Dismiss Plaintiffs' Complaint. [Dkt. No. 25]. Both motions were filed on February 23, 2026. See [Dkt. Nos. 24-25].

Plaintiffs have moved to amend pursuant to Federal Rule of Civil Procedure 15(a)(1) so that they may correct a misnomer to the entity name for Crozier House, which they note should be Catholic Charities of the Diocese of Worcester, Inc. d/b/a Crozier House, and voluntarily dismiss Count IV, which asserts a violation of Massachusetts Wage Laws, 151B, § 1 against all Defendants except Michael Ruble. [Dkt. No. 24 at p. 1]. Federal Rule of Civil Procedure

---

[1] All Defendants except Charles Sexton Diranian. See [Dkt. No. 25].

1

15(a)(1) states that a party may amend its pleading once as a matter of course no later than: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Because Plaintiffs' Complaint is a pleading to which a responsive pleading is required, see Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring a defendant to serve an answer within 21 days after being served with a summons or complaint), and Defendants filed their Motion to Dismiss on the same day that Plaintiffs filed their Motion to Amend, Plaintiffs are squarely within the 21 days allotted under Federal Rule of Civil Procedure 15(a)(1).[2] Thus, this Court allows Plaintiffs' Motion to Amend as of right.

With respect to Certain Defendants' Motion to Dismiss Plaintiffs' Complaint, those same Defendants[3] subsequently filed a notice of withdrawal of their Motion to Dismiss on March 3, 2026. [Dkt. No. 27]. In that notice, Defendants acknowledge that the Court is likely to grant Plaintiffs' Motion to Amend and thus withdraw their Motion to Dismiss at Docket Number 25 in anticipation that the Complaint to which that motion was directed will no longer be the operative complaint. Id. at 1-2. The Court agrees and the Motion to Dismiss is Denied as Moot.

So ordered.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[2] Additionally, Defendants subsequently filed a notice stating that all Defendants, except Charles Sexton Diranian, do not oppose Plaintiffs' motion to amend. [Dkt. No. 27].
[3] Again, all except Charles Sexton Diranian. [Dkt. No. 27].

2